## LEWIS SNAPP & CO. *v.* WILLIAM PORTERFIELD.

The record of a suit brought by attachment against a supposed owner, in which the thing seized was released upon bond by such supposed owner, is not admissible as evidence of real ownership in an action between other parties, where the question relates to title,—but a judgment changing the ownership of the property would be admissible, in the same manner as a private writing, although the plaintiff in the suit pending had no connection with the former action.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.
   *J. M. Chilton*, for plaintiff.   *B. Egan*, for defendant and appellant.

MERRICK, C. J. This suit was commenced by attachment. The steamboat John Strader was seized as *Porterfield's* property. *H. Devine* intervened and claimed to be owner of the boat. His pretensions being sustained, plaintiff appealed.

Plaintiffs complain of the ruling of the District Court, and they have taken two bills of exception.

It seems, in a case instituted by another party against *Porterfield* and owners of the Strader by attachment, *Porterfield* released the boat upon bond. This suit was *res inter alios acta*, as to *H. Devine*, and was properly excluded.

The steamboat was under seizure at Vicksburg, Miss., in the suit of *Shaw & Zunts* v. *A. C. Brown et al*. It was there ordered to be sold, and *H. Devine* became the purchaser, *Porterfield* and two others signing his bond as sureties for the price.

The court did not err in receiving the record to show title in *Devine*. It is true, that the plaintiff was no party to the suit, but then he had no interest in the matters in controversy in that suit, and if he was not bound by the admissions and judgment, still the change of the ownership of the steamboat Strader from *Brown* to *Devine* operated through the agency of that suit, was a result and fact which was admissible in evidence in the same manner as would have been the transfer by private writing from *Brown* to the same party.

As plaintiff does not claim title to the steamboat through *Brown* but through

*Porterfield,* the want of registry of *Devine's* title cannot avail plaintiff. If the boat were to be considered the property of *Brown,* it would be equally fatal to plaintiff's case.

The fact that *Porterfield* was captain of the boat, and on some occasions called the boat his, cannot defeat *H. Devine's* title.

Judgment affirmed.